## UNITED STATES v. BAKES.

### No. 6925.

Circuit Court of Appeals, Seventh Circuit.

Oct. 18, 1939.

Rehearing Denied Dec. 4, 1939.

Charles W. Schaub, of Chicago, Ill., for appellant.

William J. Campbell, U. S. Atty., Martin Ward, Asst. U. S. Atty., and Elbert H. Loyd and Joseph H. Collier, Attys. U. S. Treasury Dept., all of Chicago, Ill.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

TREANOR, Circuit Judge.

The defendant was tried upon an indictment containing two counts. The first count charged the offense of unlawfully, knowingly, wilfully and feloniously recovering by redistillation alcohol which previously had been rendered unfit for beverage or medicinal purposes. The second count charged the offense of conspiring,

confederating and agreeing to commit the substantive offense which was charged in the first count of the indictment. The verdict of the jury'found the defendant guilty as charged and judgment was entered upon the verdict and the maximum sentence of five years' imprisonment and a fine of $2,000 was imposed on the first count, and the maximum sentence of two years' imprisonment and a fine of $2,000 was imposed on the conspiracy count. This appeal is taken from such judgment and sentence of the District Court.

The case of defendant on appeal may be summarized as follows:

1. The trial court erred in overruling the defendant's demurrer to the indictment and in overruling defendant's motion in arrest of judgment.

2. The trial court erred in overruling the defendant's motion for a directed verdict, the motion being predicated upon the alleged insufficiency of the evidence (a) to establish the corpus delicti of the substantive count; (b) to establish defendant's connection with the crime charged; and (c) to establish defendant's participation in the conspiracy charged in the second count.

3. The trial court erred in giving illegal and improper instructions to the jury.

The gist of defendant's argument in support of his demurrer and motion in arrest of judgment is that the indictment fails to disclose an intention on the part of defendant to defraud the government of revenues to which it would be entitled on alcohol rendered fit for beverage or medicinal purposes by a process of redistillation of denatured alcohol; and also that the word "recover" as used in the statute is "generic" and must be particularized by a statement of the acts which constitute recovery of alcohol by redistillation.

■ Count one of the indictment charges that the defendant and one George Bray "unlawfully, knowingly, willfully and feloniously did recover by redistillation, alcohol which had previously been rendered unfit for beverage or liquid medicinal purposes, to wit, 4,000 gallons of denatured alcohol; * * * contrary to the form of the statute * * * in such case made and provided."

Congress has authorized the withdrawal from bond, tax free, of domestic alcohol when rendered unfit for beverage or liquid medicinal uses by mixture with suitable denaturing materials. [1] The congressional act which authorizes the withdrawal of alcohol free of tax under the provisions of the act also defines as a criminal offense the removal or concealment of alcohol withdrawn free of tax for the purpose of preventing such alcohol from being denatured under governmental supervision; and also makes it an offense for any person to "recover or attempt to recover by redistillation or by any other process or means, any alcohol rendered unfit for beverage or liquid medicinal purposes under the provisions of the Act." [2]

Obviously count one of the indictment was intended to charge the foregoing offense of recovering by redistillation alcohol which had been subjected to a denaturing process. The allegation that the defendant had recovered "by redistillation alcohol which had previously been rendered unfit for beverage or liquid medicinal purposes *̣ * * contrary to the form of the statute * * * in such case made and provided" aptly states the offense defined by the act of Congress.

■ No doubt Congress believed that the practice of recovering by redistillation, or by any other process or means, alcohol which had been rendered unfit for beverage or liquid medicinal purposes, and which had been withdrawn tax free, from bond, would result in the loss of taxes by the Federal Government. But the specific intent to defraud the United States is not an essential element of the offense as defined by Congress. The intent which supplies the element of criminality is an intent to recover alcohol which has been rendered unfit for beverage or medicinal purposes and withdrawn from bond, tax free, under authority of the act of Congress.

■ We are of the opinion that the offense in question is sufficiently defined by the statute, and is properly charged in the first count of the indictment, unless, as urged by defendant, the term "recover" is so "uncertain, indefinite and ambiguous" that it "fails to apprise the defendant of the exact nature of the charges pending against him, or to inform him specifically and without uncertainty as to what he is

[1] 26 U.S.C.A. § 1320(a), 34 Stat. 217, c. 3047, § 1.

[2] 26 U.S.C.A. § 1322, 34 Stat. 217, § 2.

582

compelled to meet." The word "recover" does not stand alone but is included in the legislative declaration that "any person * * * who shall recover or attempt to recover by redistillation or by any other process or means, any alcohol rendered unfit for beverage or liquid medicinal purposes * * * ." If the language of the indictment had stated that the defendant had recovered alcohol "by redistillation or by some other process or means" there might be some merit in defendant's contention. No doubt if the United States were relying upon a recovery by some process or means other than redistillation, the defendant would be entitled to have the other means or process described or defined by appropriate language. The language "to recover by redistillation * * * alcohol rendered unfit for beverage or liquid medicinal purposes * * *" necessarily implies the removal, by the process of redistillation, denaturing materials which have been mixed with the normal alcohol to render it unfit for beverage or liquid medicinal purposes.

■ Defendant urges "that the alcohol in order to be 'recovered' must have all and not just a part of the denaturants removed." His contention is, in substance, that the statutory offense consists of restoring a substantial quantity of denatured alcohol to its original purity. But the essence of the offense is the removal of denaturing materials from alcohol which has been withdrawn from bond, tax free. Evidently the purpose of Congress in creating the offense in question was to discourage efforts to remove denaturing materials from alcohol which had been removed from bond, tax free.

In our opinion one who by redistillation engages in removing denaturing materials from alcohol which has been rendered unfit for beverage or liquid medicinal purposes by addition of the denaturing elements has committed the forbidden act of recovering by redistillation alcohol rendered unfit for beverage or liquid medicinal purposes. If such is not the proper construction of the language of the act it would follow that one, without violating the act in question, could by redistillation produce from denatured alcohol a liquid with a negligible amount of the denaturing material and of a quality so near its original quality that it could be freely used for beverage or medicinal purposes with little or no chance of discovery that it had been recovered from denatured alcohol.

We agree with the District Court that "recovery of denatured alcohol is the removal from such denatured alcohol of all, or a part of such ingredients added to denature it." It is not necessary that the act of recovery result in the production of a perfect alcohol.

We conclude that the trial court did not err in overruling defendant's demurrer to the indictment and in overruling defendant's motion in arrest of judgment. And in view of what we have said we also conclude that the trial court did not err in giving the instructions complained of, since the objection urged to the instructions was that they recognized that the elimination by distillation of less than all of the denaturing materials constituted recovery of alcohol "rendered unfit for beverage or liquid medicinal purposes."

■ The defendant's contention that the evidence was insufficient to establish the corpus delicti of the substantive count rests upon the assumption that the offense charged could not be committed unless the product of redistillation was fit for beverage purposes. But as pointed out above we are of the opinion that it was sufficient to establish the corpus delicti to show that by the process of redistillation denaturing materials were eliminated in whole or in part from the denatured alcohol.

■ Also we are of the opinion that the evidence was sufficient to support a finding by the jury that the defendant participated in the substantive crime charged and in the conspiracy to commit the substantive crime. There was substantial evidence tending to show that the defendant was active in aiding and procuring the commission of the offense, and under the law of the United States one who "aids, abets, counsels, commands, induces, or procures its commission, is a principal." [3]

■ There were direct conflicts between the testimony of the defendant and government witnesses but it was the function of the jury to appraise the testimony of different witnesses and especially to determine the weight to be attached to the testimony of the defendant and the testimony which conflicted therewith.

[3] Sec. 332 of the Criminal Code, 18 U.S.C.A. Sec. 550.

We find no reversible error in the record and the judgment of the District Court is affirmed.

On Petition for Rehearing.

TREANOR, Circuit Judge.

It is possible that the language of our opinion might leave some justification for appellant's statement that we assumed that "denatured alcohol had been recovered by redistillation" from a consideration merely of the evidence showing that the denatured alcohol was put through a process of dilution and filtration. The evidence discloses that the dilution and filtration process is preliminary to the redistillation which completes the process of recovery, and that there was complete equipment on the Bauman farm to perform all the various steps for recovery of denatured alcohol by redistillation. It is true that the column of the still had been removed prior to seizure of the other parts of the equipment and had been transported to the Lippold place, where defendant had rented a shed in which he had stored quantities of denatured alcohol. The still column was transported in a truck which was accompanied by the defendant. The apparatus in the building on the Bauman farm included pipes which connected the redistilling unit with tanks for the receipt of the redistilled alcohol. No alcohol was found in these tanks, but several gallons of the denatured alcohol, which had been subjected to treatment by dilution and filtration, were found in the cooker base of the still. The only reasonable inference for the jury to draw was that the apparatus had been set up for the recovery by redistillation and that it had been used for that purpose. At the time of the seizure by United States agents the apparatus was complete with the exception of the still column and it was found at a place where it had been removed under the supervision of the defendant. There was testimony that the defendant had spoken of delivering alcohol to Chicago both from the Bauman farm and from the Lippold place. Appellant is mistaken in his statement that the court "assumed" that denatured alcohol had been recovered by redistillation; we decided that there was sufficient evidence in the record to support a finding by the jury that denatured alcohol had been recovered by redistillation.

The petition for rehearing is denied.